UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: <u>1:22-mc-21670-XXXX</u>

IN RE APPLICATION OF

    COLOMBO AGROINDÚSTRIA S.A.,

    Applicant,

Pursuant to 28 U.S.C. § 1782 for Judicial
Assistance in Obtaining Evidence for Use in
Foreign and International Proceedings to be filed
in the Federative Republic of Brazil.
_____/

### *EX PARTE* PETITION OF COLOMBO AGROINDÚSTRIA S.A. FOR JUDICIAL ASSISTANCE IN AID OF FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782

    Colombo Agroindústria S.A. ("Colombo") respectfully submits this *Ex Parte* Petition (the "Petition") for Judicial Assistance in Aid of Foreign Proceedings Pursuant to 28 U.S.C. § 1782 and requests the issuance of an order permitting Colombo to obtain documentary and testimonial discovery from Mr. Eloy Rodrigo Colombo (the "Discovery Target") for use in two foreign criminal and civil proceedings that Colombo intends to file in Brazil. In support of this Petition, Colombo states as follows:

### FACTUAL BACKGROUND

1.     The facts relevant to this Petition are set forth below and in the accompanying Declaration of Arthur Gonzalez Cronemberger Parente ("Declaration"), attached here as **Exhibit A**. The facts stated in the Declaration are incorporated herein by reference.

2.     Colombo seeks assistance from this Court to obtain documentary and testimonial evidence from the Discovery Target. Declaration ¶¶ 5, 16, 29.

### Introduction

3.     As set forth below, Colombo contends that the Discovery Target defamed it by emailing certain of Colombo's creditors and falsely stating that Colombo had committed accounting, tax, legal and creditors' fraud. *Id.* ¶ 7. Colombo intends to file two actions against the Discovery Target in Brazil and needs the discovery requested in the proposed subpoena attached to the Petition (the "Requested Discovery") to satisfy its initial burden of proof in both proceedings. *Id.* ¶¶ 11-16. Brazilian courts cannot directly compel the production of the Requested Discovery, which is located exclusively in this District. *Id.* ¶¶ 5, 21, 25, 28.

### The Parties

4.     Founded in the 1970s by the Colombo family, Colombo remains a family-owned company whose mission is to provide food, energy, and related products for sustainable development. *Id.* ¶ 6.

5.     The Discovery Target is a minority shareholder of Colombo and a member of the Colombo family. *Id.*

6.     The Discovery Target resides in this District, where the Requested Discovery is located. *Id.* ¶¶ 5, 10. Indeed, on April 13, 2022, Colombo personally served the Discovery Target with a cease and desist letter at his residence at 401 69th Street, Apt. 1507, Miami Beach, Florida 33141 (the "Letter"). *Id.* ¶ 10 (service affidavit attached as Exhibit 2 of Declaration). In the Letter, Colombo demanded that the Discovery Target (i) refrain from making any further defamatory statements against Colombo; and (ii) withdraw the false statements he already had made. *Id.* To date, the Discovery Target neither has replied to the Letter nor complied with Colombo's requests. *Id.*

7. Because the Discovery Target resides in this District and the Requested Discovery is in this District, Brazilian courts could not directly compel production of the Requested Discovery. *Id.* ¶ 21. Accordingly, this Petition is the only means by which Colombo can effectively and timely obtain the Requested Discovery. *Id.* ¶¶ 21-22, 28.

### The Defamation

8. On March 10, 2022, the Discovery Target emailed *Eco Securitizadora de Direitos Creditórios do Agronegócio S.A.* and *Simplific Pavarini Distribuidora de Títulos e Valores Mobiliários Ltda.*, two Brazilian financial institutions (the "Financial Institutions"), which are creditors of Colombo and are engaged in debentures issuance and other securities/financial transactions with Colombo. *Id.* ¶ 7. In the email (the "Email"), the Discovery Target falsely stated that Colombo had committed accounting, tax, legal and creditors' fraud while performing its obligations under certain partnership agreements, thus causing Colombo substantial damages. *Id*.

### The Contemplated Foreign Proceedings and Brazilian Law

9. The purpose of the discovery sought is to aid Colombo in bringing two actions against the Discovery Target in Brazil. *Id.* ¶¶ 11-16. The first is a criminal action against the Discovery Target for defamation pursuant to Article 139 of the Brazilian Criminal Code (the "Criminal Proceeding"), *id.* ¶¶ 12-13, and the second is a civil action against the Discovery Target for injunctive relief to bar him from making further defamatory statements about, and from taking any other actions against the business interests of, Colombo (the "Civil Proceeding") (the Criminal and Civil Proceedings together are the "Foreign Proceedings"). *Id*. ¶¶ 14-15.

10. Defamation is a crime pursuant to Article 139 of the Brazilian Criminal Code. *Id*. ¶ 12. Unlike most criminal actions, a private plaintiff (as opposed to a prosecutor or other governmental authority) may prosecute an action for criminal defamation in Brazil. *Id*. To initiate

and succeed in the Criminal Proceeding, Colombo must demonstrate that the Discovery Target knowingly made a false statement, with the intent of harming Colombo (as per Article 395 of the Brazilian Code of Criminal Procedure ("BCCP"). *Id*. ¶ 13.

11.     Colombo must, at the outset of the Criminal Proceeding, supply evidence sufficient to satisfy the high standards of proof imposed by Brazilian courts as a prerequisite to accepting criminal charges brought by private plaintiffs. *Id*. Colombo plans to file the Criminal Proceeding as soon as it has obtained the evidence it needs via the instant Petition to meet this threshold burden. *Id*. ¶ 28.

12.     Colombo simultaneously will bring a civil injunctive proceeding seeking an order preventing the Discovery Target from making additional defamatory statements about Colombo, taking any other actions against Colombo and its business interests, and compensation for the damages caused by the Discovery Target's false statements. *Id*. ¶ 14.

13.     The Civil Proceeding will be grounded in article 927 of the Brazilian Civil Code. *Id*. ¶ 15. To initiate and succeed in the Civil Proceeding, Colombo must, at the outset, present sufficient supporting evidence that (i) the Discovery Target committed illicit acts, (ii) these acts caused damage to Colombo; and (iii) there is causation between the Discovery Target's acts and the damages incurred. *Id*. ¶ 15. Colombo plans to file the Civil Proceeding as soon as it has obtained the evidence it needs via the instant Petition to meet this threshold burden. *Id*. ¶ 28.

14.     Colombo has engaged the law firm of Mattos Filho, Veiga Filho, Marrey Jr e Quiroga Advogados, based in its São Paulo, Brazil to bring the Foreign Proceedings. *Id.* ¶ 11.

## The Requested Discovery

15.     Colombo proposes to serve the Discovery Target with a subpoena in a form substantially similar to the one attached here as **Exhibit B**. The subpoena seeks documents as well as testimony.

16. The Requested Discovery is targeted specifically to evidence necessary to bring and prosecute the Foreign Proceedings, including the Discovery Target's knowledge that his statements were false; his motives and intent to harm Colombo; whether the Discovery Target was working alone and, if not, with whom; if the Discovery Target has contacted other stakeholders in addition to the Financial Institutions or if it intends to contact other financial institutions with the same false statements; and the extent to which he damaged Colombo. *Id.* ¶ 30.

17. A Section 1782 petition typically is presented and granted *ex parte* in this District, to allow the applicant to serve the discovery requests. At that point, the discovery target can respond to the discovery, including raising any objections. *See In re Clerici*, 481 F.3d 1324, 1329 (11th Cir. 2007) (describing the procedural history of the court's granting of the *ex parte* petition, the serving of request for deposition, and the deponent's motion in opposition to the deposition for the court's review); *In re Novoship (UK) Ltd.*, No. 20-60876-MC, 2020 U.S. Dist. LEXIS 107257, at *7 (S.D. Fla. June 17, 2020) (granting petition *ex parte*).

## JURISDICTION AND VENUE

18. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1782 as this is an application for discovery seeking the production of documents and testimony located within this District by a party to contemplated foreign proceedings.

19. Venue in this District is appropriate because the Discovery Target is found in this District and the actual discovery sought also is located within this District.

## ARGUMENT

As detailed below, Colombo meets the statutory requirements of 28 U.S.C. § 1782, as well as the discretionary factors discussed in the relevant case law. Colombo thus respectfully requests that this Petition for discovery be granted.

I.  **Standard for Granting Section 1782 Petition**

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). "Congress substantially broadened the scope of assistance federal courts could provide for foreign proceedings" pursuant to Section 1782 to include "documentary and other tangible evidence as well as testimony." *Id.* at 247-48.

The Eleventh Circuit repeatedly has recognized the liberal policy in favor of granting petitions for judicial assistance under Section 1782. *See, e.g.*, *Glock v. Glock, Inc.*, 797 F.3d 1002, 1007 (11th Cir. 2015) ("The current embodiment of the [Section 1782] law reflects the policy choice to provide efficient means of assistance in our federal courts for litigants involved in international litigation and to prompt foreign courts to follow our generous example and provide similar assistance to our court systems.") (quotations omitted); *In re Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1269 (11th Cir. 2014) ("[T]he history of Section 1782 reveals Congress' wish to *strengthen* the power of district courts to respond to requests for international assistance") (quotation omitted, emphasis in original); *In re Clerici*, 481 F.3d at 1333 (affirming order granting discovery under Section 1782 and citing Hans Smit, *American Assistance to Litigation in Foreign and International Tribunal: Section 1782 of Title 28 of the U.S.C. Revisited*, 25 Syracuse J. Int'l L. & Com. 1, 9 (1998) for the proposition that "[t]he purpose of Section 1782 is to liberalize the assistance given to foreign and international tribunals").

The statute reads, in pertinent part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations

6

> conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure. A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a) (2016).

Courts have distilled Section 1782's language into a two-part inquiry: first, whether a district court is authorized to grant relief under the statute, and second, whether the court should grant relief in its broad discretion. *Consorcio*, 747 F.3d at 1271. A district court has broad discretion to grant relief when the following four statutory requirements are met: (1) the person from whom discovery is sought must reside or be found in the district in which the petition is filed; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing;" (3) the request must be made "by a foreign or international tribunal" or by "any interested person;" and (4) the evidence must be "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a); *Clerici*, 481 F.3d at 1331-32.

Once the district court has determined that it is authorized to grant relief, it is free to grant relief in its broad discretion. "In making its determination, district courts must exercise their discretion with an eye towards the statute's goals, i.e., providing efficient means of assistance to

7

participants in international litigation and encouraging foreign countries by example to provide similar means of assistance to our courts." *In re Application of N. Am. Potash, Inc.*, 12-20637-CV, 2012 WL 12877816, at *5 (S.D. Fla. Nov. 19, 2012) (internal citation and quotation omitted), *report and recommendation adopted*, 12-20637, 2013 WL 12113190 (S.D. Fla. Mar. 13, 2013); *see In re Pimenta*, 942 F. Supp. 2d 1282, 1288 (S.D. Fla. 2013) (citing the same "twin aims of the statute"). "As a general matter, these considerations counsel heavily in favor of generous federal court assistance." *N. Am. Potash, Inc.*, 2012 WL 12877816, at *5.

The Supreme Court set forth various discretionary factors for courts' consideration in *Intel*:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach" and therefore their evidence may be "unobtainable absent § 1782(a) aid;"
>
> (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;"
>
> (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and
>
> (4) whether the § 1782(a) request is "unduly intrusive or burdensome."

542 U.S. at 264-65; *Consorcio*, 747 F.3d at 1272-73.

**II.     Colombo's Section 1782 Petition Meets the Statutory Requirements for Relief**

As shown below, all four statutory requirements for the granting of Section 1782 relief are satisfied here.

**A.     The Type of Discovery Sought Is Permissible and Is Found in This District**

The first two statutory elements of Section 1782 are easily satisfied here. The type of

discovery Colombo seeks—documentary and testimonial, as reflected in the subpoena attached as Exhibit B—is expressly permitted by the statute. Moreover, the Discovery Target and the Requested Discovery are in this District. Declaration ¶¶ 5, 10, 25.

A company or person "resides or is found in" this District if it transacts business in this District or has an office here, or if it may otherwise be served with a subpoena in this District. *See Consorcio*, 747 F.3d at 1269 (it was undisputed that "JAS USA . . . has an office and does business in Miami and is therefore 'found in the district of the district court ruling on the application for assistance'—namely, the Southern District of Florida."); *In re Emergency Ex Parte Application of Godfrey*, 17-21631-CV, 2018 WL 1863749, at *8 (S.D. Fla. Feb. 22, 2018), *report and recommendation adopted sub nom. In re Godfrey*, 17-21631-CIV, 2018 WL 1859344 (S.D. Fla. Mar. 15, 2018) ("tag jurisdiction" is sufficient to meet Section 1782 element, relying on *In re Edelman*, 295 F.3d 171, 180 (2d Cir. 2002), which holds "that if a person is served with a subpoena while physically present in the district . . . then for purposes of [Section] 1782(a), he is 'found' in that district").

There can be no debate that the Discovery Target resides in and is found in this District. Public records reflect that he resides at 401 69th Street, Apt 1507 in Miami Beach, Florida 33141, where Colombo recently served him personally with a cease and desist letter. Declaration ¶ 10.

**B. The Discovery is for Use in Two Foreign Proceedings by an "Interested Person"**

The next two statutory elements also are easily met: the discovery sought is for use in the Foreign Proceedings, which Colombo will bring in the criminal and civil courts of the State of São Paulo, Brazil. *See* Declaration ¶¶ 11-18, 28; *Halliwel Assets, Inc. v. Hornbeam Corp. (In re in re Bracha Found.)*, 663 F. App'x 755, 763 (11th Cir. 2016) ("The foreign proceeding for which a court may authorize discovery need not be "pending or imminent;" "the statute requires only that

foreign proceedings "be within reasonable contemplation.") (quoting *Intel*, 542 U.S. at 259); *Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1271 (11th Cir. 2014) (possible criminal and civil proceedings by petitioner against former employees were reasonably contemplated); *Gonzalez v. Pursuant to 28 U.S.C. § 1782 for Judicial Assistance in Obtaining Evidence for Use in Foreign Int'l Proceedings*, No. 20-24628-MC-UNGARO, 2021 U.S. Dist. LEXIS 164306, at *12 (S.D. Fla. Apr. 14, 2021).

Colombo is, by definition, an "interested person" because it will be the plaintiff in the Foreign Proceedings. Declaration ¶ 11. There is "[n]o doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke [Section] 1782." *Intel*, 542 U.S. at 256; *Consorcio*, 747 F.3d at 1269 (it was undisputed that "[a]s a party to the dispute, [the Section 1782 applicant] plainly is an 'interested person'").

Colombo possesses a reasonable interest in obtaining judicial assistance from this Court to obtain discovery located in this District in aid of the Foreign Proceedings.

### III. Colombo's Section 1782 Petition Meets the Discretionary Factors for Relief

As noted above, once this Court has determined that the statutory elements for relief under Section 1782 are met (they plainly are), it is free to grant discovery in its broad discretion. The discretionary factors set forth in *Intel* weigh in favor of granting this Petition.

#### A. The Discovery Target's Participation in the Foreign Proceedings

The first *Intel* factor weighs in favor of granting the Petition even though Colombo intends to name the Discovery Target as a defendant in the Foreign Proceedings in Brazil.

The fact that a discovery target is a party to the foreign proceeding is not dispositive of the first *Intel* factor. When the discovery target residing outside of the jurisdiction of the foreign tribunal, which is the scenario in the instant case, Declaration ¶¶ 10, 21, 25, the first *Intel* factor

turns on the potential need for Section 1782 relief in view of the foreign tribunal's authority (or lack thereof) to enforce a discovery order against the target.

For example, in *In re Clerici*, 481 F.3d 1324, 1334-35 (11th Cir. 2007), the discovery target was a party to the foreign proceedings. As a result, the Eleventh Circuit noted, the first *Intel* factor "normally would favor [the target] and suggest that § 1782 assistance is not necessary" because the foreign tribunal "has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id*. at 1334 (quoting *Intel*, 542 U.S. at 264). Nonetheless, the Court held that the first *Intel* factor favored the granting of discovery because, "[i]n this case, . . . [the discovery target] has left Panama and the Panamanian Court cannot enforce its order against [the discovery target] while [he] is in the United States." *Id.* at 1334-35.

Similarly, in *In re England/Bahamas*, No. 20-MC-61696-SMITH/VALLE, 2021 U.S. Dist. LEXIS 142293, at *1 (S.D. Fla. July 30, 2021), the applicants sought discovery from the executrix of their father's estate in aid of a contemplated foreign proceeding against the estate. As executrix, the discovery target would be a defendant in the contemplated foreign proceeding. *Id.* at *14-15 Nonetheless, the district court found that the first *Intel* factor favored the applicants because "it remains unclear whether a foreign tribunal could enforce a pre-suit discovery order against [the executrix]." *Id.*; *see also In re Godfrey*, No. 17-21631-CV, 2018 U.S. Dist. LEXIS 29794, at *24 (S.D. Fla. Feb. 22, 2018) (first *Intel* factor did not favor target, who was a participant in the foreign proceeding, because target had been noncompliant with discovery obligations).

Here, Colombo needs the Requested Discovery, which is located exclusively in this District, to overcome the threshold evidentiary burden imposed by Brazilian criminal and civil law, a prerequisite to bringing and adjudicating the Foreign Proceedings. Declaration ¶¶ 5, 13, 15, 20-21, 28, Colombo must, and intends to, provide the Requested Discovery with each complaint

11

in the Foreign Proceedings. *Id.* ¶ 20. However, because the Discovery Target is located in this District, Brazilian courts could not directly compel the Discovery Target to produce the Requested Discovery pre-suit, as is necessary here. *Id.* ¶ 21. Similarly, because the Requested Discovery is located exclusively in this District, Brazilian courts could not compel its production at this time. Thus, this factor weighs in favor of granting this Petition. *Id.*

### B. The Foreign Tribunals' Receptiveness to Judicial Assistance

The next discretionary factor also weighs in favor of granting discovery. Colombo's counsel, who will represent it in the Foreign Proceedings in Brazil, has advised that there is no indication that the Brazilian civil and criminal courts would be unreceptive to the documentary and testimonial evidence sought through the instant Petition. Declaration ¶¶ 11, 26; *In re MTS Bank*, No. 17-21545-MC-WILLIAMS, 2018 U.S. Dist. LEXIS 107147, at *21 (S.D. Fla. June 27, 2018) ("In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, a district court should err on the side of permitting discovery.") (quoting *In re Kreke Immobilien KG*, 2013 U.S. Dist. LEXIS 160283, 2013 WL 5966916, at *1); *In re Application of Eurasian Bank Joint Stock Co.*, 3:15-mc-106-L-BN, 2015 WL 6438256, *3 (N.D. Tex. October 21, 2015) ("In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, . . . the Court determines that the second factor does not weigh against an exercise of discretion in Eurasian's favor."); *Weber v. Finker*, 3:07-MC-27 J32MCR, 2007 WL 4285362, at *5 (M.D. Fla. Nov. 30, 2007) (same). On the contrary, Brazilian courts would welcome such evidence, particularly when, as here, it relates to criminal conduct over which Brazil has retained jurisdiction to adjudicate. Declaration ¶ 21.

Moreover, several courts adjudicating 1782 petitions involving foreign proceedings in Brazil have found that this second factor weighs in favor of the applicant.[1]

### C. This Request Does Not Attempt to Circumvent Foreign Restrictions

Next, Colombo's counsel in Brazil has advised that the evidence sought through this Petition would not circumvent any proof-gathering restrictions under Brazilian law. *See* Declaration ¶ 27. On the contrary, Article 5(II) of the Brazilian Constitution sets forth that *no one shall be compelled to do or refrain from doing something except by force of law*. *Id*. ¶ 26. Hence, only an explicit law or ruling could preclude foreign discovery. *Id*. No such law or ruling exists. *Id.* Rather, Article 372 of the Brazilian Code of Civil Procedure sets forth that the judge may allow the use of evidence produced in another action. *Id.* In addition, Brazil is a signatory to the Hague Convention, *id.* ¶ 22, and thus is "likely receptive to American judicial assistance." *In re O'Keeffe*, 646 F. App'x 263, 267 (3d Cir. 2016). Several courts adjudicating 1782 petitions involving foreign proceedings in Brazil have found that this third factor weighs in favor of the applicant. *Supra* note 1.

---

[1] *In re De Melo Pimenta*, 942 F. Supp. 2d 1282, 1288-89 (S.D. Fla. 2013); *In re In re Fundo De Liquidação Financeira — Fundo De Investimento Em Direitos Creditórios Não Padronizado*, No. 8:21-mc-110-VMC-AAS, 2021 U.S. Dist. LEXIS 183013, at *5 (M.D. Fla. Sep. 23, 2021); *In re Banco Santander (Brasil) S.A.*, No. 22-MC-00022 (ALC)(SN), 2022 U.S. Dist. LEXIS 64246, at *4-5 (S.D.N.Y. Apr. 6, 2022) ("there is no indication that the Civil Court of São Paulo would be unreceptive to the discovery requests or that the evidence sought would likely be inadmissible"); *In re in re Degens*, No. 20-mc-237 (JGK) (RWL), 2020 U.S. Dist. LEXIS 131536, at *11-12 (S.D.N.Y. July 24, 2020) ("There is no reason to believe the Brazilian Court would not be receptive to evidence gathered under § 1782, and no Brazilian rule, policy, or law prohibits or discourages the Brazilian Court from considering such evidence" and "while Brazilian procedures do not provide an effective means for Degens to obtain the discovery she seeks, there is no evidence or suggestion that the Brazilian Court or Brazilian law prohibits her from availing herself of foreign procedural mechanisms such as § 1782"); *In re CA Inv. (Braz.) S.A.*, No. 19-mc-22 (MJD/SER), 2019 U.S. Dist. LEXIS 61060, at *10 (D. Minn. Apr. 9, 2019); *Fleischmann v. McDonald's Corp. (In re Application for an Order for Judicial Assistance in a Foreign Proceeding in the Labor Court of Braz.)*, 466 F. Supp. 2d 1020, 1032 (N.D. Ill. 2006); *Medeiros v. Int'l Game Tech.*, No. 2:16-cv-00877-JAD-NJK, 2016 U.S. Dist. LEXIS 54186, at *6-7 (D. Nev. Apr. 21, 2016).

Moreover, "even when the requested documents may be available in the foreign jurisdiction, there is no requirement to first seek discovery from the non-US tribunal or exhaust other options before applying to a district court for § 1782 discovery." *Godfrey*, 2018 WL 1863749, at *10; *see In re Clerici*, 481 F.3d at 1333 n.12 (noting that, in *Intel*, the Supreme Court held that Section 1782 does not impose a foreign-discoverability requirement and that "nothing in the text of [Section] 1782 limits a district court's production-order authority to materials that could be discovered in the foreign jurisdiction if the materials were located there") (quoting *Intel*, 542 U.S. at 260); *In re Application of Mesa Power Group, LLC*, 878 F. Supp. 2d 1296, 1304 (S.D. Fla. 2012) (same). Indeed, "[a]bsent a persuasive showing that a [S]ection 1782 applicant [] is actively seeking to circumvent the foreign tribunal's discovery methods and restrictions, . . . this factor does not counsel against [S]ection 1782 relief." *Id*. at 1305.

### D. This Request Is Not Unduly Intrusive or Burdensome

Finally, the Requested Discovery is not unduly intrusive or burdensome. As set forth in the proposed subpoena attached here as Exhibit B, Colombo seeks documentary and testimonial information that is or should be readily available to the Discovery Target on a few discrete topics relevant to the Foreign Proceedings. Declaration ¶ 30.

All the *Intel* discretionary factors weigh in favor of grating this Petition.

## CONCLUSION

WHEREFORE, Colombo respectfully requests that this Court enter the proposed order (attached here as Exhibit C) granting this Petition pursuant to 28 U.S.C. 1782; granting Colombo leave to serve the Discovery Target with a subpoena substantially similar to that attached here as Exhibit B; reserving jurisdiction to grant Colombo leave to serve any additional subpoenas as may

be necessary to obtain the evidence described in this Petition; and granting any other and further relief as the Court deems just and proper.

DATED:  May 31, 2022	**REED SMITH LLP**

By: */s/Edward M. Mullins*
	Edward M. Mullins (FBN 863920)
	Email:  emullins@reedsmith.com
	Daniel Alvarez Sox (FBN 108573)
	Email:  dsox@reedsmith.com
	1001 Brickell Bay Drive, 9th Floor
	Miami, FL 33131
	Telephone:  +1 786 747 0200
	Facsimile:  +1 786 747 0299

*Attorneys for Applicant Colombo Agroindústria S.A.*