UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-21670-Civ-ALTONAGA/TORRES

In Re Application of:
COLOMBO AGROINDÚSTRIA S.A.,

    Applicant,

Pursuant to 28 U.S.C. § 1782 For
Judicial Assistance in Obtaining
Evidence For Use in a Foreign and
International Proceeding.
_____/

## ORDER ON MOTION FOR FINDING OF CIVIL CONTEMPT AND IMPOSITION OF SANCTIONS AGAINST RESPONDENT

This matter is before the Court on Colombo Agroindústria S.A.'s (the "Applicant" or "Company") motion for an order to show cause why Eloy Rodrigo Colombo (the "Respondent" or "Mr. Colombo") should not be held in contempt and be sanctioned for his failure to comply with this Court's discovery orders. [D.E. 31]. Respondent filed a pro se response to the Company's motion on March 2, 2023, [D.E. 36], to which the Company has not replied.[1] Therefore, the Company's motion is now ripe for disposition. After careful review of the motion, the record, the

---

[1] Respondent's pro se filing was styled as both a response to Applicant's motion for order to show cause and sanctions, as well as a motion for reconsideration of the Court's prior order denying his motion to vacate the § 1782 grant. By Order of March 3, 3023, Chief Judge Cecilia M. Altonaga denied the portions of Respondent's brief seeking to re-open the case, vacate the § 1782 grant, and quash the subpoena. [D.E. 39]. Thus, this Order addresses the remaining portions of Respondent's filing that are responsive to Applicant's motion for an order to show cause and to impose sanctions, which was referred to the undersigned Magistrate Judge for disposition on February 6, 2023. [D.E. 32].

1

relevant authority, and for the reasons discussed below, the Applicant's motion to find Mr. Colombo in contempt of court and impose sanctions is **GRANTED in part**.

We find that the record shows cause to hold Mr. Colombo in contempt of court. Accordingly, we hereby **ORDER** him to appear for an in-person hearing before this Court on **Wednesday, March 29, 2023, at 10:30 AM**. At this hearing, Mr. Colombo will be afforded one last opportunity to purge his contempt by bringing with him all documents and communications responsive to the October 2022 subpoena. Failure to comply with this third Order by not appearing or not bringing the responsive materials to the hearing will result in the imposition of further sanctions and a final adjudication of contempt that may then require imposition of monetary fines and/or result in his coercive incarceration.

## I.  BACKGROUND AND PROCEDURAL HISTORY

This is a motion for sanctions and to show cause in connection with a 28 U.S.C. § 1782 application for discovery in aid of foreign proceedings. The Applicant moves this Court for a finding of civil contempt and sanctions against Mr. Colombo for his continuous, willful, and baseless refusals to comply with this Court's orders directing him to produce documents and communications responsive to Applicant's § 1782 subpoena. This Court has twice upheld the merits of the Company's § 1782 Application, and has twice directed Respondent to produce the responsive documents. Yet, the Court's unambiguous and clear directives have fallen on deaf ears.

On May 31, 2022, Colombo Agroindústria filed an ex parte motion (the "Petition" or "Application") for judicial assistance in aid of foreign proceedings pursuant to § 1782. [D.E. 1]. The Company's application requested the issuance of an order permitting it to obtain documentary and testimonial discovery from Mr. Colombo for use in civil and criminal proceedings that the Company intends to file in Brazil against Mr. Colombo for his alleged involvement in the dissemination of defamatory statements about the Company. Specifically, Mr. Colombo is accused of defaming the Company by means of an email communication that Mr. Colombo sent to two of the Company's Brazilian creditors wherein he accused the Company of engaging in accounting, tax, and legal fraud. The Company attached a copy of this email to its initial § 1782 Application.

On June 16, 2022, this Court granted the ex parte motion, ordering the Company to "serve [Mr.] Colombo with a subpoena substantially in the form of the subpoena attached to the Petition." [D.E. 3]. Mr. Colombo, then represented by counsel, filed a motion to vacate that order and to quash the subpoena, [D.E. 8], but this Court rejected the merits of Mr. Colombo's objections and denied his motion on September 23, 2022. [D.E. 23]. No appeal was filed to that Order thus rendering it a final Order in the case.

Based on that final adjudication to the application, on October 15, 2022, Mr. Colombo was served with another subpoena requesting his deposition and the production of documents. This subpoena required Mr. Colombo to appear for a deposition on November 18, 2022, and to produce all responsive documents on or

before October 26, 2022. [D.E. 24-1]. On that same day, Mr. Colombo emailed the Company's counsel with his purported production, which consisted of two single attachments, both of which were already in the possession of the Company and were attached to its initial § 1782 Petition. In the email, Mr. Colombo failed to raise any objections to the documents requested in the subpoena, and instead maintained that "[t]here is not any other document related to th[e] [S]ubpoena request." [D.E. 24-2].

On November 18, 2022, Mr. Colombo was deposed. During his deposition, he contradicted his prior statement and expressly confirmed that he *was* in possession of various documents and communications responsive to the subpoena, but which he nevertheless had chosen not to produce. Among these were several email and WhatsApp communications with shareholders, Board members, administrators, and others regarding his fraud allegations against the Company. Mr. Colombo testified that he would gather those documents and communications and turn them over to the Company. [D.E. 24 at 4–8].

After waiting almost two weeks with no additional communication from Mr. Colombo regarding his promises to provide the missing documents, on November 30, 2022, the Company's lawyers sent him a demand letter detailing his outstanding production of documents in accordance with his testimony at the deposition. [D.E. 24-3]. The demand letter spelled out in detail the categories of documents that were still outstanding, and cross-referenced the deposition testimony wherein Mr. Colombo expressly confirmed that he had possession over

documents responsive to each category. *Id.* at 1–3. The letter also warned that if he failed to produce the documents by December 7, 2022, the Company would move the Court to compel his production.

Mr. Colombo never delivered on his promises. Instead, on December 7th he sent an email to the Company stating that he would not be producing any documents "unless" they were requested by this Court directly. [D.E. 24-4]. In his email, Mr. Colombo represented that he would produce the missing documents only if ordered to do so by "Judge Cecília Altonaga because she is the guardian of the law." *Id.* His email also made a passing reference to vague and unsubstantiated confidentiality concerns with his production. However, he did not cite any applicable law nor did he describe with any detail the kind of information that would raise confidentiality issues.

In light of Mr. Colombo's backpedaling, the Company filed a motion to compel production on December 12, 2022, on the basis that Mr. Colombo had adamantly refused to comply with his discovery obligations. [D.E. 24]. The motion noted that Mr. Colombo conceded during his deposition that he had possession and control over unproduced responsive materials. Among other things, the motion stated that he was a member of a WhatsApp group that was created specifically for the purpose of discussing the fraud allegations he was making against the Company; that he sent and received messages about the fraud allegations through that WhatsApp group, as well as through email communications; that he still had those communications saved on his cellphone; and that he had several documents that contained evidence

5

of the alleged fraud. [D.E. 24 at 4–11]. Chief Judge Altonaga granted the Company's motion to compel on December 28, 2022, and directed Mr. Colombo, for the second time, "to produce all documents and communications responsive to the Documents Requests in the Subpoena." [D.E. 25].

On December 29, 2022, the Company's attorneys provided Mr. Colombo with the Court Order directing him to produce the documents and explaining his obligations under the Order. [D.E. 31-2 at 10–11]. The Company provided Mr. Colombo a seven-day grace period to comply, and warned him that it would pursue sanctions if he continued to ignore his discovery obligations. *Id.*

Rather than responding to this communication, on December 30, 2022, Mr. Colombo moved for an enlargement of time to respond to the Company's motion to compel, [D.E. 26], even though the Court had already granted the motion. The Court denied Mr. Colombo's motion for extension. [D.E. 27].

On January 9, 2023, Mr. Colombo filed a motion titled, Motion to Explain Why Eloy Rodrigo Colombo Cannot Comply with the Production of Documents Pursued by the Applicant, and to Vacate and Quash the Subpoena. [D.E. 28; 29]. The Court again denied this second motion to quash on January 11, 2023. [D.E. 30].

On January 23, 2023, the Company sent a final email to Mr. Colombo, demanding that he comply with the Court's orders. [D.E. 31-2 at 9]. The email reiterated the Company's intention to move for sanctions to enforce compliance. Mr. Colombo responded on January 24, 2023, confirming that "I have the messages

we talked about in the 18 November 2022 testimony," but suggesting that he was not required to produce the documents because "the members of your client Colombo Agroindústria have all the same messages." *Id.* at 8.

The Company responded the same day listing the categories of documents Mr. Colombo testified he had and would produce, and explaining that whether the subpoenaed documents were obtainable from Brazilian sources was immaterial to Mr. Colombo's obligation to produce the documents. The Company emphasized that, in a last effort to avoid Court intervention and a sanctions motion, it would afford Mr. Colombo until January 26, 2023, to produce the documents. *Id.* at 6–7.

On January 26, 2023, Mr. Colombo responded, informing the Company that he would not comply with the Court's order, and demanding that the Company "[q]uash this subpoena" and "reimburse [him] of [sic] the expenses . . . to cope with this subpoena." *Id.* at 5. Mr. Colombo's extensive email suggested that he was not obligated to produce the documents because these could be obtained from other sources, and categorized the Company's efforts to obtain the § 1782 discovery as crimes under Brazilian law. Mr. Colombo also attached a total of 13 documents to his email, most of which comprise of statutes, news articles, docket filings in this action, and correspondence from the Company about this action that do not respond to the subpoena. [D.E. 31 at 7–8].

## II.   APPLICABLE PRINCIPLES AND LAW

Courts possess inherent power to enforce compliance with their lawful orders through civil contempt. *Citronelle–Mobile Gathering, Inc. v. Watkins*, 943 F.2d

7

1297, 1301 (11th Cir. 1991) (citing *Shillitani v. United States*, 384 U.S. 364, 370, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966)). A party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order. *S.E.C. v. Greenberg*, 105 F. Supp. 3d 1342 (S.D. Fla. 2015) (citing *CFTC v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992)). A finding of civil contempt must be supported by clear and convincing evidence that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order. *F.T.C. v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010) (citing *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002)).

When imposing sanctions for civil contempt, a court "ha[s] numerous options, among them: a coercive daily fine, a compensatory fine, attorneys' fees and expenses . . . and coercive incarceration." *Citronelle–Mobile*, 943 F.2d at 1304. Civil contempt fines can also take the form of per diem fines imposed for each day a contemnor fails to comply with an affirmative court order, or of fixed fines imposed and suspended pending future compliance. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994). Sanctions imposed for civil contempt to coerce compliance "cannot be any greater than necessary to ensure such compliance" and may not be so excessive as to be punitive in nature. *Citronelle–Mobile*, 943 F.2d at 1304; *In re Trinity Industries*, 876 F.2d 1485, 1493 (11th Cir. 1989).

8

### III. ANALYSIS

Based on our independent review of the record, we agree with the Company that Mr. Colombo's continuous, willful, and baseless refusals to comply with this Court's multiple orders to produce all documents responsive to the subpoena warrant a finding of civil contempt and the imposition of compensatory sanctions, as detailed in the conclusion section of this order.

As noted earlier, this Court has issued two different orders clearly instructing Mr. Colombo that he *must* produce all documents and communications responsive to the October 2022 subpoena. [D.E. 3; 25]. The Chief Judge's orders unambiguously upheld the Company's entitlement to the requested discovery pursuant to its § 1782 application for judicial assistance, and unequivocally directed Mr. Colombo "to produce all documents and communications responsive to the Documents Requests in the Subpoena." [D.E. 25]. Indeed, one of these orders was issued in response to the Company's motion to compel, which specifically listed each of the category of documents that Mr. Colombo must produce. *See* [D.E. 24 at 4–11].

The record makes clear that Mr. Colombo has had the ability to comply with this Court's orders but has chosen not to. Mr. Colombo himself has admitted on multiple occasions to having possession of unproduced responsive documents, as well as having the capacity to collect these documents and produce them. His deposition testimony, for instance, indicates that Mr. Colombo possesses responsive documents and communications, including several email and WhatsApp communications relating to the Company's alleged fraud, as well as documents that

9

Mr. Colombo believes demonstrate that the Company committed the alleged unlawful acts. *See id.* ("A. So, as far as I remember, they are all in my email. There were several emails that were interchanged, also communications through WhatsApp. Q. And you still have copies of all that? A. Yes. Q. So you will be able to produce those – you will be able to collect those and produce those to us. A. Yes."); *see also* [D.E. 31-2 at 8] ("I have the messages we talked about in the 18 November 2022 testimony"). Yet, despite acknowledging possession and control over these responsive materials, Mr. Colombo has continued to withhold them without any basis on law and in direct defiance of this Court's orders.

The record also reflects that the Company's lawyers have repeatedly engaged in good faith efforts to confer with Mr. Colombo to try to secure compliance but those efforts have been unsuccessful. The Company's lawyers have exchanged extensive communications with Mr. Colombo and have attempted to facilitate his production by, among other things, explaining to him the meaning and implications of this Court's orders, providing him with itemized lists of the categories of outstanding responsive documents, affording him grace periods to comply with his discovery obligations, and warning him of the consequences of persistent non-compliance, all to no avail. [D.E. 24-2; 24-3; 31-2].

Mr. Colombo's response does nothing to explain his discovery misconduct, and fails to provide a sound basis for excusing the willful and deliberate disregard for his discovery obligations and this Court's orders. Indeed, Mr. Colombo's 28-page, single-spaced brief is but a misguided attempt to adjudicate the merits of the

10

Brazilian proceedings that served as predicate for the approval of the Company's § 1782. In his brief, Mr. Colombo purports to cite shareholders meeting minutes and Brazilian case law that, according to him, exonerate him form any liability under Brazilian law. [D.E. 36]. But even if they had any merit (which we cannot find because this Court has already denied Respondent's motion to vacate the § 1782 grant twice) the allegations therein are simply unresponsive to this discovery dispute.[2]

Finally, Respondent's argument that the subpoena is unduly burdensome and intrusive is baseless and conclusory. Whatever psychological and financial stresses that may have arisen form the unnecessary prolongation of these proceedings are directly attributable to Mr. Colombo's non-compliance with this Court's orders, not to the nature of the subpoena. Further, as this Court has

---

[2] For instance, Respondent's claims that the Company has engaged in illegal acts, including minutes and financial statements manipulation and bylaws violations, may support his arguments on the merits of the Brazilian cases, but are irrelevant in this discovery dispute. *See In re Furstenberg Fin. Sas & Marc Bataillon*, No. 16-mc-60266-BLOOM, 2016 U.S. Dist. LEXIS 194711, at *20 (S.D. Fla. July 26, 2016) ("[I]t is not the role of this Court to address the underlying merits of an action at the discovery-seeking stage before us."). Second, Respondent's argument that the Brazilian ruling he purports to cite undermines the merits of the Company's § 1782 Application is also unavailing. Indeed, a proper reading of the cited excerpts underscore the need for discovery, for as that judge acknowledged, "it is not possible a priori to discard the truthfulness of the accusations brought forth against the plaintiff company by defendant, a minority shareholder. *All such issues must be processed and analyzed considering the documents and evidence that the defendant must present.*" [D.E. 36 at 10] (emphasis added). Finally, Respondent's argument that the fact that the Company has not yet brought any lawsuit arising from his defamatory email is proof that the company will not commence foreign proceedings against him, is flawed circular reasoning. The obvious response is that no lawsuits arising from these allegedly defamatory statements may have been initiated because Respondent has yet to produce any of the documents responsive to the Company's § 1782 Application.

11

previously held, the topics outlined in the subpoena and the documents requested therein are relevant and narrowly tailored to the acts of defamation for which Respondent is allegedly responsible.

In sum, Respondent has plainly not taken all the reasonable steps he can to comply with the Court's orders. Though some steps were taken to comply, such as appearing for his deposition, the record also shows that, by his own admissions, Mr. Colombo has deliberately chosen not to produce several documents and communications responsive to the subpoena, despite clear and unambiguous instructions form this Court directing him to do so. At his deposition, he acknowledged possession and control over the responsive documents, and promised that he would produce them. He did not. Later, he said that he would only produce the documents upon a second order form the Court. That second order compelling discovery came, but, again, Mr. Colombo failed to comply. In his response he does not deny that he has repeatedly ignored and disobeyed the Court's order, but instead raises groundless arguments that have been previously dismissed by this Court, including his baseless claims that he is not required to comply with the subpoena because many of the responsive documents are obtainable form Brazilian sources, or that he needs not comply because he has evidence that the Company has engaged in embezzlement, extortion, and retaliation under Brazilian law.

In light of this clear pattern of continuous, willful, and baseless disregard for this Court's orders directing him to produce all documents responsive to the subpoena, we find Mr. Colombo is now subject to Rule sanctions and, further, that

cause exists to hold him in contempt of court. We find that the sanctions now imposed, as detailed below, are the minimum sanctions necessary to obtain compliance from Mr. Colombo at this juncture. And they are the minimum possible measures the Court can take now short of formally finding him in contempt and adjudicating him as such. If Mr. Colombo fails to comply with this last Order directing him to fully comply with the subpoena, and after affording him an evidentiary hearing to show cause why he should not be held in contempt, then a formal contempt of court finding may prove necessary to enforce the Court's jurisdiction. *See, e.g., BLANCO GmbH + Co. KG v. Vlanco Indus., LLC*, No. 12-61580-CIV, 2022 WL 488934, at *2 (S.D. Fla. Jan. 19, 2022) (holding respondent in civil contempt and ordering his coercive incarceration for failure to comply with court orders); *Mesa v. Luis Garcia Land Serv., Co.*, 218 F. Supp. 3d 1375, 1381 (S.D. Fla. 2016) (ruling that if respondent "fails to purge his civil contempt . . . the undersigned will issue a warrant for his arrest and he shall be incarcerated until such time that he complies with his discovery obligations"); *United States v. Chandler*, No. 1:07-CV-1065-RLV-LTW, 2008 WL 11337307, at *5 (N.D. Ga. Apr. 3, 2008) ("the Court concludes that respondent should be incarcerated as a proper exercise of the Court's civil contempt authority.").

### III. CONCLUSION

For the foregoing reasons, the Applicant's Motion for a finding of civil contempt and sanctions [D.E. 31] is **GRANTED in part** as follows:

1. We find there is cause on this record to hold Mr. Colombo in CIVIL

13

CONTEMPT for his continuous disregard of this Court's discovery orders [D.E. 3; 25]. A final adjudication of contempt shall not be entered at this time, pending the evidentiary hearing set herein and the entry of this Order that provides Mr. Colombo with one clear chance to comply with three Court Orders.

2. Under Rule 37, we instead impose a coercive monetary sanction in the amount of $100 per day for each day that Mr. Colombo continues to be in violation of the discovery orders, with the sanctions to accrue beginning on March 20, 2023.

3. The Applicant and Mr. Colombo are ORDERED to appear for an in-person hearing before this Court on **Wednesday, March 29, 2023, at 10:30 AM**. This hearing will take place at the United States Courthouse, James Lawrence King Building, Courtroom 5 - Tenth Floor, 99 N.E. 4th Street, Miami, Florida.

4. At the hearing, Mr. Colombo will be afforded one last opportunity to cure his contempt by fully complying with the Court's discovery orders. To that end, Mr. Colombo is ORDERED to bring **all** documents and communications in his possession, control, or custody that are responsive to the October 2022 subpoena to this hearing. The responsive documents must be in a format that makes them readily accessible and suitable for immediate production at the hearing (*i.e.*, printed hardcopies, or digital files saved in a USB flash drive).

5. Upon production of all responsive documents and communications at the hearing, the monetary sanctions referenced in paragraph 2 will be retroactively suspended. However, if Mr. Colombo fails to comply with this order, the Applicant will be entitled to collect all sanctions, and Mr. Colombo may then be held in contempt of court, which may result in his **coercive incarceration** until compliance with the subpoena is effective.

6. The Applicant is instructed to file with the Court a certificate of service indicating that notice of this Order was served on Mr. Colombo by reasonable means, including the address to which it was sent.

7. The Clerk is also instructed to mail a copy of this Order to Mr. Colombo at his address of record.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of March, 2023.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge